**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

JOSE BALLESTEROS,                                    **COMPLAINT**

        Plaintiff,

v.

        Civil Action No.

GLOBAL CREDIT & COLLECTION
CORPORATION and EQUABLE ASCENT
FINANCIAL, LLC,

        Defendants.

---

**COMPLAINT**

## I.    INTRODUCTION

1.    This action is brought by Plaintiff Jose Ballesteros for statutory damages against Defendants Global Credit & Collection Corporation and Equable Ascent Financial, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

## III.    PARTIES

3.    Plaintiff Jose Ballesteros is an individual who resides in Chicago, Illinois.

4.    Mr. Ballesteros is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Global Credit & Collection Corporation ("Global Credit") is a corporation organized under the laws of the State of Delaware.

6. Global Credit has a mailing address at 300 International Drive, Williamsville, New York.

7. Global Credit is licensed by the State of Illinois as a Collection Agency, License Number 017020943.

8. Global Credit is engaged in the collection of debts from Illinois consumers using the mail and telephone.

9. Global Credit regularly attempts to collect consumer debts alleged to be due to another.

10. Global Credit was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. Defendant Equable Ascent Financial, LLC, ("Equable Ascent") is a limited liability corporation organized under the laws of the State of Delaware.

12. Equable Ascent is located in Buffalo Grove, Illinois.

13. Equable Ascent is engaged in the collection of debts from Illinois consumers using the mail and telephone.

14. Equable Ascent regularly attempts to collect consumer debts alleged to be due to another.

15. Equable Ascent regularly purchases defaulted consumer debts.

16. Equable Ascent is a debt purchasing company.

17. Equable Ascent was and is a "debt collector" as defined by the FDCPA, 15 U.S.C.

§1692a(6).

## IV.     FACTUAL ALLEGATIONS

18.     Mr. Ballesteros had a personal credit card with Washington Mutual.

19.     Using his Washington Mutual credit card, Mr. Ballesteros made purchases for personal, family, or household purposes, *e.g.*, food, clothes, etc., which resulted in a balance owed to Washington Mutual (hereinafter referred to as "the Debt.").

20.     Mr. Ballesteros was unable to pay the Debt.

21.     The Debt entered default.

22.     Equable Ascent purchased the Debt after it entered default.

23.     Global Credit obtained the Debt after it was in default.

24.     On or about January 15, 2010, Global Credit arranged for the preparation and transmittal of a letter to Mr. Ballesteros's residence in an attempt to collect the Debt.

25.     Global Credit's January 15, 2010, letter was the initial written communication from Global Credit to Mr. Ballesteros.

26.     Global Credit's January 15, 2010, letter states that its telephone number is "1-866-350-7727."

27.     Global Credit's January 15, 2010, letter contains the validation notice required by 15 U.S.C. § 1692g.

28.     On or about January 18, 2010, Global Credit placed a call to Mr. Ballesteros on his cellular telephone.

29.     On or about January 18, 2010, Global Credit left a voice mail on Mr. Ballersteros's cellular telephone.

30.     The voice mail left by Global Credit for Mr. Ballesteros on or about January 18, 2010, stated, "A message here for Jose Ballesteros, Jr. Jose my name is Matthew Story and I'm calling on behalf of the offices of Global. The reason for my call today was in regards to a matter of noncompliance that's been forwarded here to my office, under your name. It's very important that we speak Jose. Your reference number to this matter is 23679774. And my direct extension here, my phone number is 866.350.7727 at extension 6673."

31.     On or about January 20, 2010, Global Credit placed a call to Mr. Ballesteros on his cellular telephone.

32.     On or about January 20, 2010, Global Credit left a voice mail on Mr. Ballersteros's cellular telephone.

33.     The voice mail left by Global Credit for Mr. Ballesteros on or about January 20, 2010, stated, "Hi, a message here for Jose Ballesteros, Jr. Jose my name is Matthew Story and I'm calling on behalf of the offices of Global. I'm actually calling in regards to a recent matter of noncompliance that has been forwarded here to my office. It's important that we do speak, I do need you to call me back today Jose. My telephone number directly is 866.350.7727. My direct extension is 6673 Jose. Is important we do speak today. Again telephone number is 866.350.7727, extension 6673. You reference 23679774. Thank you."

34.     On or about January 25, 2010, Global Credit placed a call to Mr. Ballesteros on his cellular telephone.

35.     On or about January 25, 2010, Global Credit left a voice mail on Mr. Ballersteros's cellular telephone.

36.     The voice mail left by Global Credit for Mr. Ballesteros on or about January 25,

2010, stated, "A message here for Jose Ballesteros, Jr. Jose my name is Matthew Story and I'm calling on behalf of the offices of Global. Jose it's very important that we do speak. I need you to call me back at 866.350.7727, extension 6673. Thank you, bye-bye."

37.     On or about January 28, 2010, Global Credit placed a call to Mr. Ballesteros on his cellular telephone.

38.     On or about January 28, 2010, Global Credit left a voice mail on Mr. Ballersteros's cellular telephone.

39.     The voice mail left by Global Credit for Mr. Ballesteros on or about January 28, 2010, stated, "A message here for Jose Ballesteros, Jr. Jose my name is Matthew Story and I'm calling on behalf of the offices of Global. Mr. Ballesteros I've left you several messages here to rectify a matter of noncompliance you have with my office. You need to call me back today my telephone directly is 866.350.7727, direct extension is 6673. Thank you."

40.     The voice mails from Global Credit were communications made in an attempt to collect a debt.

41.     The voice mails from Global Credit did not meaningfully identify Global Credit & Collection Corporation as the caller.

42.     The voice mails from Global Credit did not disclose that it was a debt collector.

43.     On or about February 3, 2010, Mr. Ballesteros called Global Credit.

44.     Mr. Ballesteros spoke with an employee of Global Credit named Matthew Story.

45.     Mr. Ballesteros told Mr. Story that he wanted to dispute the amount in the letter that Global Credit claimed he owed.

46.     Mr. Story asked why Mr. Ballesteros wanted to dispute the amount shown in the

letter.

47.     Mr. Ballesteros stated that he believed the amount in the letter was not the correct

amount and that he wanted to dispute it.

48.     Mr. Story told Mr. Ballesteros that he had to send a letter to the return address on

the letter if he wanted to dispute the Debt.

49.     Mr. Story stated that the amount shown in the letter was provided to Global Credit

by the bank.

50.     The telephone call ended.

51.     Washington Mutual did not provide information to Global Credit regarding the

Debt.

52.     All information regarding the Debt was obtained by Global Credit from Equable

Ascent.

53.     According to Global Credit's January 15, 2010 letter, it was "acting on behalf of

Equable Ascent Financial, LLC."

54.     Global Credit's actions are imputed to Equable Ascent.

## V.     COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

55.     Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs.

56.     Defendants' violations of the FDCPA include, but are not limited to

    A.     engaging in any conduct the natural consequence of which is to harass,
           oppress, or abuse any person in connection with the collection of a debt by
           placing telephone calls without meaningful disclosure of the caller's
           identify in violation of 15 U.S.C. §§ 1692d and d(6);

B.      using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

C.      failing to disclose in communications subsequent to the initial communication with the consumer that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11); and

D.      contradicting and/or overshadowing the consumer's right to dispute the alleged debt orally in violation of 15 U.S.C. § 1692g(a)(3).

57.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jose Ballesteros requests that judgment be entered in his favor against Defendants Global Credit & Collection Corporation and Equable Ascent Financial, LLC, for:

A.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C.      For such other relief as the Court may find to be just and proper.

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

ATTORNEYS FOR PLAINTIFF JOSE BALLESTEROS